IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| ADAM AILION, on behalf of himself and others similarly situated, | : : : | CIVIL ACTION FILE NO. |
| Plaintiff, | : : | |
| v. | : : | **COMPLAINT – CLASS ACTION** |
| VOICE SEARCH LOCAL, LLC | : : | **JURY TRIAL DEMANDED** |
| Defendant. | : : : | |

Plaintiff Adam Ailion (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

2. This case involves a campaign by Voice Search Local, LLC ("Voice Search Local") to market its services through the use of pre-recorded telemarketing calls in plain

violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA").

    3.      The recipients of Voice Search Local's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA and because the technology used by Voice Search Local makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

    4.      Plaintiff Adam Ailion is, and at all times mentioned herein was, an individual citizen of Georgia.

    5.      Defendant Voice Search Local, LLC is a Florida limited liability company with a registered agent of Tyler Smyzuk, 303 Asbury Way in Boynton Beach, FL 33426. Voice Search Local's principal place of business is 1701 SE Tiffany Ave., Suite 105 in this District.

## JURISDICTION AND VENUE

    6.      This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq.*

    7.      This Court has general personal jurisdiction over Voice Search Local because the company resides in this District.

    8.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the telephone calls at issue were directed from this District.

## TCPA BACKGROUND

<u>The TCPA Prohibits Automated Telemarketing Calls</u>

9.      The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call.  *See* 47 U.S.C. § 227(b)(1)(A)(iii).

10.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B).  *See* 47 U.S.C. § 227(b)(3).

11.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used."  *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

13.     In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous

disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## FACTUAL ALLEGATIONS

14. Defendant Voice Search Local is a "person" as the term is defined by 47 U.S.C. § 153(39).

15. Plaintiff Ailion's telephone number, 678-760-XXXX, is assigned to a cellular telephone service.

16. The Defendant called Ailion's telephone number, 678-760-XXXX, on November 18, 2020.

17. The calls solicited the Plaintiff to purchase Voice Search Local's internet optimization services.

18. The call began with pre-recorded message, which provided in pertinent part:

*This is an important message, do not hang up the phone, your Google business listing, is it risk of displaying incorrectly? We've tried numerous times to contact you by telephone, so we can check the status of your listing. This will only take a few minutes of your time press one, so we can quickly check the status of your Google listing to ensure it's active. If your Google listing is suspended or deleted, your business will not be shown causing customers to think you're no longer open for business. Press one, now to check the status of your Google listing. If you're the business owner, press one.*

19. During the call, the Plaintiff engaged the telemarketer to verify that it was Voice Search Local's services being promoted.

20. He confirmed that it was, including by receiving a written confirmation.

4

21. Plaintiff did not provide his prior express written consent to receive the telemarketing calls at issue.

22. The calls were not necessitated by an emergency.

23. Other individuals have been contacted by the Defendant with similar messages.

24. The Defendant contacted Plaintiff using telephone number 678-374-6086.

25. Indeed, the Defendant used a "spoofed" Caller ID number to make the call appear as if it was local to the Plaintiff.

26. Furthermore, the website NoMoRobo, winner of the FTC's challenge to stop robocalls, has labeled calls from 678-374-6086 as robocalls. *See* https://www.nomorobo.com/lookup/678-374-6086 (Last Visited Nov. 25, 2020).

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

28. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) within the four years prior to the filing of the Complaint (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff.

29. Plaintiff Ailion is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the class members.

30. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

31. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

32. This Class Action Complaint seeks injunctive relief and money damages.

33. The Class as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

34. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

35. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

36. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

37. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

38. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) Whether the Defendant used a pre-recorded message to send telemarketing calls;

  (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

  (c) whether Defendant's conduct constitutes a violation of the TCPA; and

  (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

39. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

40. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

41. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

### FIRST CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(b) on behalf of the Robocall Class**

42. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

43. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple

violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

44. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

45. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

46. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, using a pre-record message in the future;

B.  That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyer and law firm representing Plaintiff as counsel for the Class;

D.  Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Respectfully Submitted,

**Adam Ailion**, individually and on behalf of those similarly situated individuals

Dated: November 30, 2020

/s/ *Avi Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiff and the putative class*